Gary Thomas **RAMSEY**, Petitioner—Appellant,

v.

Roderick Q. **HICKMAN**, Warden, Respondent—Appellee.

No. 03–16383.

D.C. No. CV–99–01406–GEB/DAD.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 19, 2004.

Gary Thomas Ramsey, Represa, CA, pro se.

Pamela K. Critchfield, Office of the California Attorney General, San Francisco, CA, Karl S. Mayer, Attorney General's Office, San Diego, CA, for Respondent–Appellee.

Before CANBY, KOZINSKI and PAEZ, Circuit Judges.

## MEMORANDUM**

California state prisoner Gary Thomas Ramsey appeals *pro se* the district court's denial of his 28 U.S.C. § 2254 petition,

---

Fed. R.App. P. 34(a)(2). Accordingly, Ramsey's request for an oral hearing is denied.

challenging his conviction for second-degree murder. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Ramsey contends that he received ineffective assistance of counsel because his trial counsel (1) failed to call an expert on the effects of sleep deprivation and exposure to toxic chemicals; (2) failed to challenge an allegedly "adverse" juror; and (3) did not adequately prepare Ramsey for his trial testimony. Upon review of the record, we conclude that Ramsey has failed to demonstrate either deficient performance by counsel or prejudice. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Ramsey also contends that the prosecutor committed misconduct by implying at trial that Ramsey had told his wife and children what to say during their testimony. We conclude that the prosecutor's remarks did not "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974).

Ramsey's contention that his due process rights were violated by various jury instructional errors lacks merit. Ramsey was not deprived of a constitutionally fair trial by either the omission of certain jury instructions or by the challenged jury instruction given by the trial court. *See Henderson v. Kibbe,* 431 U.S. 145, 155, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977); *Hendricks v. Vasquez,* 974 F.2d 1099, 1106–07 (9th Cir.1992).

Finally, Ramsey's contention that the trial court erred in admitting certain photographs into evidence is also without merit. Ramsey has not demonstrated that the

admission of these photographs was arbitrary or so prejudicial that it rendered the trial fundamentally unfair. *See Gerlaugh v. Stewart,* 129 F.3d 1027, 1032 (9th Cir. 1997).

**AFFIRMED.**